IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00304-PAB

BERGELECTRIC CORP., a California corporation,

      Plaintiff,

v.

CENTERRE GOVERNMENT CONTRACTING GROUP, L.L.C., a Colorado limited
liability company, and
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,

      Defendants.

---

**ORDER**

---

This matter is before the Court on the February 13, 2014 Response to Order to

Show Cause filed by plaintiff Bergelectric Corp. ("Bergelectric").  Docket No. 7.  The

Court ordered plaintiff to show cause why this case should not be dismissed for lack of

subject matter jurisdiction.  Docket No. 4.

The complaint alleges that the Court has subject matter jurisdiction over this

case pursuant to 28 U.S.C. § 1332(a).  Docket No. 1 at 2, ¶ 5.  Section 1332(a)(1)

states:  "The district courts shall have original jurisdiction of all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between    . . . citizens of different States."  In every case and at every

stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction,

even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of

Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir.

1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

The Court issued an Order to Show Cause on February 4, 2014, ordering plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction due to plaintiff's failure to adequately allege the citizenship of defendant Centerre Government Contracting Group, LLC ("Centerre") and its constituent members.  Docket No. 4.

In response to the order to show cause, plaintiff states that "(1) at least one member of Centerre is a citizen of the State of Colorado; and (2) no other members of Centerre are citizens of the State of California."  Docket No. 7 at 1.  Plaintiff argues that these "allegations establish complete diversity of citizenship because they establish that Centerre is, at minimum, a citizen of Colorado and not a citizen of California."  *Id*. at 1-2.  In addition, plaintiff cites a case before a different court in this district in which Centerre has argued that it is a citizen of Colorado.  *See Daro Tech, Ltd. v. Centerre Government Contracting Grp., LLC et al.*, No. 13-cv-01811-REB-KMT, Motion to Dismiss for Lack of Jurisdiction [Docket No. 51] at 10 ("Centerre is also a Colorado corporation, with its principal place of business in Colorado.").  Plaintiff further argues that the jurisdictional rules should be revised to require a defendant limited liability company to choose between retaining its anonymity and challenging federal jurisdiction.  Docket No. 7 at 2.

As stated in the Order to Show Cause, although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the

2

consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011); *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 224 (5th Cir. 2012); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *IP of A West 86th Street 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 n.6 (8th Cir. 2013); *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, --- F.3d ----, 2014 WL 407389, at *2 (9th Cir. Feb. 4, 2014); *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff seeks to shift part of its burden onto Centerre, arguing that "Bergelectric's allegations should be accepted as true unless they are contradicted by the defendant."  Docket No. 7 at 2.  While the Court is bound to accept plaintiff's allegations as true, plaintiff nonetheless bears the burden of initially establishing the Court's jurisdiction.  *See Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof")

(internal citation omitted).

In this case, plaintiff's response indicates the citizenship of one of Centerre's members, but does set forth the identity or citizenship of Centerre's other members.  A pleading that sets forth those states of which defendants are *not* citizens is insufficient.  *See D.B. Zwirn Special Opportunities Fund*, 661 F.3d at 126 ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'") (quoting *Cameron v. Hodges*, 127 U.S. 322, 324 (1888)).  In addition, Centerre's filing in *Daro Tech* does not meet plaintiff's burden.  In *Daro Tech*, Centerre asserted that the court lacked diversity jurisdiction because, like plaintiff, "Centerre is also a Colorado corporation, with its principal place of business in Colorado."  *See Daro Tech, Ltd.*, No. 13-cv-01811-REB-KMT, Docket No. 51 at 10.  However, as plaintiff recognizes, Centerre is not a corporation and its erroneous claim to be a corporation has no jurisdictional effect.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court.  Thus the consent of the parties is irrelevant.").

Plaintiff also advances an argument, based on public policy, contending that it is unfair that Centerre can deprive plaintiff of a federal forum by refusing to disclose the identity and citizenship of its members.  Docket No. 7 at 2-3.  In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), however, the Supreme Court explained that the law of federal jurisdiction is "technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization."  Accordingly,

4

all "further adjustments" in this area have been left to Congress.  *Id*.  The Court cannot modify the black-letter law to serve equitable or policy-based concerns.

Since plaintiff has not met its "burden of establishing [the Court's] jurisdiction as a threshold matter," *see Radil*, 384 F.3d at 1224, it is

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED February 18, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge